Simon Haysom, LLC  
One Railroad Ave  
Goshen, New York 10924

Hearing Date: February 6, 2018  
Hearing Time: 09:15 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------X  
In re:  
    PATRICIA O. LOPEZ,  
                       Debtor.  
----------------------------------------------------------X

Case No. 15-37331

Chapter 13

# NOTICE OF HEARING

**PLEASE TAKE NOTICE**, that, pursuant to 11 U.S.C. § 330 and 503(a), the firm of SIMON HAYSOM, LLC, debtor-counsel, will move this court for an order approving debtor-counsel's fee application dated January 9, 2018, at a hearing before the Honorable Chief Judge Cecelia G. Morris, at the Courthouse, 355 Main Street, Poughkeepsie, New York 12601, on February 6, 2018 at 9:15 a.m.

Dated: Goshen, New York  
       January 9, 2018

/s/Simon Haysom  
_____  
Simon D. Haysom  
Simon Haysom, LLC  
Attorneys for the Debtors  
One Railroad Ave.  
PO Box 487  
Goshen, New York 10924  
(845) 294-3596

To:

| | |
|---|---|
| JEFFREY SAPIR, ESQ., TRUSTEE<br>399 KNOLLWOOD ROAD, SUITE 102<br>WHITE PLAINS, NEW YORK 10603 | FALLSBURG LAND TAX COLLECTOR<br>C/O CATSKILL HUDSON BANK<br>PO 626 -6 RAILROAD PLAZA<br>SOUTH FALLSBURG, NY 12779 |
| OFFICE OF U.S. TRUSTEE<br>74 CHAPEL STREET<br>ALBANY, NEW YORK 12207 | HUDSON VALLEY FED CREDIT UNION<br>PO BOX 1071<br>POUGHKEEPSIE, NY 12601 |
| AT & T UNIVERSAL CARD<br>CARDMEMBER SERVICES<br>PO BOX9001037<br>LOUISVILLE, KY 40290-1037 | NATIONSTAR<br>P.O. BOX 650783<br>DALLAS, TX 75265-0783 |
| CAPITAL COMMUNICATIONS FCU<br>4 WINNERS CIRCLE<br>ALBANY, NY 12205 | UNION PLUS CREDIT CARD<br>PO BOX 71104<br>CHARLOTTE, NC 28272-1104 |
| DISCOVER CARD<br>PO BOX 71084<br>CHARLOTTE, NC 28271-1084 | PATRICIA LOPEZ<br>151 RENNER RD<br>ROCK HILL NY 12763 |
| DITECH<br>PO BOX 7169<br>PASADENA, CA 91109-7169 | LISA SINGER<br>C/O ROSICKI, ROSICKI, & ASSOCIATES<br>51 E BETHPAGE RD<br>PLAINVIEW NY 11803 |

Simon Haysom LLC
One Railroad Ave
P.O. Box 487
Goshen, New York 10924
(845) 294-3596

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X   Case No. 15-37331
In re:
     PATRICIA O. LOPEZ,                                                    Chapter 13
                     Debtor.
----------------------------------------------------------X

**APPLICATION FOR ALLOWANCE OF ADDITIONAL COMPENSATION TO ATTORNEY FOR DEBTOR UNDER 11 U.S.C. §§ 330, 331 AND 503(a) AND RULE 2016(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Simon Haysom LLC (the "Firm") attorney for Chapter 13 debtor, Patricia O. Lopez, now makes this application for post-petition compensation pursuant to 11 U.S.C. §§ 330, 331, 503 and F.R.B.P. 2016 (a) and Local Bankruptcy Rule 2016-1 and respectfully represents as follows:

## GENERAL BACKGROUND

1. On *December 22, 2015*, the Debtor filed a voluntary petition with this Court under Chapter 13 of the Bankruptcy Code.

## APPLICATION FOR FEES

2. The firm received pre-petition retainer for *$5,400.00*. The bankruptcy Rule 2016 (b) statement, included with the filed petition, states that this fee (1) includes basic chapter 13 services, (2) that any extra work on additional proceedings, if requested by the debtor, will be billed as additional charges at the Firm's hourly rate, including modification work which is to be paid within the bankruptcy. Paragraphs 5 e and 6 of B.R. 2016 (b) attached as Exhibit A.

3. This fee application pertains to such extra work.

4. This application is made by SIMON HAYSOM, LLC (the "Firm"), for an allowance of additional compensation for professional services rendered in connection with loss mitigation.

5. The Firm has acted as debtor counsel in the Southern District Loss Mitigation program with regard to the senior mortgage held by *Mr. Cooper (formerly Nationstar Mortgage)* and it has performed all of the necessary professional legal services in connection therewith. The Firm regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made from contemporaneous records, in the ordinary course of the Firm's business.

6. A detailed statement of these time records is annexed hereto as <u>Exhibit B.</u> Timesheet entries that are not applicable to this fee application are not included in the charges computed.

## **SUMMARY OF PROFESSIONAL SERVICES RENDERED IN LOSS MITIGATION**

7. A request was filed for loss mitigation with respect to the senior mortgage, held by *Mr. Cooper (formerly Nationstar Mortgage)* and on *April 5, 2016* this Court entered a Loss Mitigation Order. The order required the parties to exchange financial documentation and conduct several conferences in an effort to obtain a loan modification. Initially, the application resulted in a denial on October 8, 2016 because the Debtor's income did not fit the mortgagor's parameters for a loan modification.

8. A second application was undertaken and after further documentation exchange, a trial modification was offered on February 21, 2017 with payments in the amount of $2,178.22 per month. The Debtor commenced payments but was unable to finish the trial period due to a reduction in her son's income.

9. Due to the reduced income, the Debtor requested a reduction in the trial payment amount. A new trial was offered on June 13, 2017, with payments in the amount of $1,974.91 per month.

10. The Debtor accepted this new trial offer, but on June 30, 2017, she received a diagnosis of basal cell carcinoma and requested that *Mr. Cooper (formerly Nationstar Mortgage)* postpone the trial for several months while her finances were tied up by out of pocket medical costs. This request was denied.

11. On September 28, 2017, the Debtor's major medical expenses had been taken care of and she requested a new trial modification.

12. On October 31, 2017 *Mr. Cooper (formerly Nationstar Mortgage)* offered a trial with payments in the amount of $2,170.00 per month. The Debtor indicated she still could not afford this amount as her son's income had still not improved, and on November 10, 2017 she requested a reduction in the trial amount of $200 per month. This request was denied.

13. In pursuing the loss mitigation to its conclusion, the Firm was required to have conferences with the debtor, and the senior mortgagee's counsel, review extensive documentation, assist with and submit completed financials on behalf of the debtor, and make personal appearances in this Court to report on status.

14. These efforts <u>from *February 22, 2016* through *January 8, 2018*</u> spanned nearly two years and resulted in three trial modification offers, unfortunately none of which resulted in a modification, despite best efforts.

## **CONCLUSION**

15. During this time the Firm has expended <u>18.8 hours of attorney time</u>, and <u>16.7 hours of paralegal time</u> in rendition of its services to the Debtor.

16. The number of hours expended was kept to the minimum necessary to execute the above functions. Extraneous time, which might have been incurred, has been excised.

| Type/ Time | Rate | Amount |
|---|---|---|
| Attorney:<br>Simon Haysom<br>**18.8 hours** | $350.00 per hour | **$6,580.00** |
| Paralegals:<br>   Julia L. Attreed<br>   Marlee Goska<br>**16.7 hours** | $100.00 per hour | **$1,670.00** |
| Total | | **$8,250.00** |

The following is a brief description of the experience and background of the filer's attorney:

> **ATTORNEY: SIMON D. HAYSOM**
> Mr. Haysom has been practicing law in excess of 20 years, specializing in debtor/creditor law, bankruptcy law, and consumer law as a debtor's attorney. Mr. Haysom earned his B.S. degree and his L.L.B. at the University of Natal in South Africa, and his L.L.M. at New York University School of Law. He has previous lecturing experience with National Business Institute and has given lunch time seminars with the Hudson Valley Bankruptcy Bar Association. Mr. Haysom is a member of the Hudson Valley Bankruptcy Bar Association (former president), and the Orange County Bar Association (Bankruptcy Committee).

17. Travel time and expenses are always charged on a shared cost basis with other clients.

18. The Firm's standard time charge for the period of this representation was THREE HUNDRED FIFTY DOLLARS ($350.00) per hour for attorney time; and ONE HUNDRED DOLLARS ($100.00) per hour for paralegal time.

19. Utilizing these standard time charges, the Firm seeks reimbursement for services rendered, including **18.8** hours at $350.00 per hour ($**6,580.00**) hours for attorney and **16.7** paralegal time at $100.00 per hour ($**1,670.00**) all totaling the sum of $**8,250.00**.

20. Total fees for these legal services are outlined in an invoice attached hereto as <u>Exhibit B</u> based upon time records.

21. All services for which compensation is requested were performed on behalf of the Debtor and no previous application has been made to this Court for compensation, and there has been no fee sharing. It is also submitted that the above services were necessary and reasonable.

22. The Firm has not entered any charges for <u>expenses</u> in this application.

23. The Debtor and all creditors have been served with a copy of this Application.

**WHEREFORE**, the Firm respectfully requests that the Court enter an Order under 11 U.S.C. §§330, 331 and 503, (1) allowing compensation for the Firm's post-petition fees in the amount of $<u>*8,250.00*</u> (2) authorizing and directing payment of such allowance by the Trustee, and (3) granting such other and further relief as the Court deems just and proper.

/s/Simon Haysom

Dated: Goshen, New York  
January 9, 2018

_____  
Simon Haysom (SH3078)  
Simon Haysom LLC  
Attorney for Debtors  
One Railroad Ave.  
PO Box 457  
Goshen, New York 10924  
(845 294-3596